IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Carolina Canners, Inc., | ) | |
| | ) | Civil Action No. 4:10-cv-00598-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PBV Conway-Myrtle Beach, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the court is Plaintiff's Motion in Limine [Doc. 187] in which Plaintiff seeks the following: (1) to limit or exclude evidence relating to and reference to manufacturing equipment, processes or procedures other than those used by Plaintiff; (2) to limit or exclude evidence relating to and reference to Matthew Bucherati's (Bucherati") opinions relating to Plaintiff's damages; (3) to limit or exclude evidence relating to and reference to all opinions of, or exhibits relied upon by, Defendant's expert witnesses not disclosed in their expert reports; (4) sequestration of witnesses from the courtroom during trial; (5) to limit or exclude evidence relating to and reference to any testimony, reference, opinion or speculation from lay witnesses that amount to opinions which they are not qualified to give; (6) to limit or exclude evidence relating to and reference to requirements in the Sales Agreement being reduced or eliminated; (7) to limit or exclude evidence relating to and reference to Asheville, Hickory and Spruce Pine Bottling Facilities (8) to limit or exclude evidence relating to and reference to Plaintiff's business model and its profits; (9) to limit or exclude evidence relating to and reference to James King's testimony, opinions, and reports; and (10) to limit or exclude evidence relating to and reference to Defendant's proposed trial exhibits on which the parties could not agree to admissibility.

**Exclusion of Evidence**

"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

During a hearing before the court on June 18, 2012, Plaintiff withdrew its Motion in Limine as it relates to its second, third, fifth, eighth, ninth, and tenth requests. In relation to Plaintiff's second, third, fifth, eighth, ninth, and tenth requests, Plaintiff's Motion in Limine is denied without prejudice.

In its first request, Plaintiff seeks to limit or exclude evidence relating to and reference to manufacturing equipment, processes or procedures other than those used by Plaintiff. Plaintiff argues that such evidence is not relevant and would lead to unfair prejudice to Plaintiff because manufacturing equipment that is different than Plaintiff's equipment cannot be accurately compared to Plaintiff's equipment. Defendant argues that the manufacturing equipment about which it will seek to admit evidence is similar to Plaintiff's manufacturing equipment, and it intends to offer the testimony of an expert witness to attest to the similarities and differences between the equipment. To the extent that Defendant is able to present evidence that the equipment and processes about which it intends to present evidence is substantially similar to Plaintiff's equipment and processes, the court finds that such evidence would be relevant and would not be unduly prejudicial. Accordingly, Plaintiff's Motion in Limine, as it relates to Plaintiff's first request, is denied without prejudice.

In its sixth request, Plaintiff seeks to limit or exclude evidence relating to and reference to requirements in the Sales Agreement being reduced or eliminated. Plaintiff argues that the use of

2

these or similar terms is likely to mislead the jury and prejudice Plaintiff. The court finds that whether Defendant reduced or eliminated its requirements under the terms of the Sales Agreement is yet to be determined, and limitation or exclusion of such evidence would be inappropriate. Potential confusion to the jury or prejudice to Plaintiff may be addressed through cross-examination. Thus Plaintiff's Motion in Limine is denied without prejudice as it relates to Plaintiff's sixth request.

In its seventh request, Plaintiff seeks to exclude any evidence or testimony which suggest that the Pepsi-Cola Bottling Company of Asheville or the Pepsi-Cola Bottling Company of Spruce Pine were separate entities at any point after their merger into the Pepsi-Cola Bottling Company of Hickory effective as of January 1, 1989. Defendant concedes that the Pepsi-Cola Bottling Company of Asheville, the Pepsi-Cola Bottling Company of Spruce Pine, and the Pepsi-Cola Bottling Company of Hickory became one legal entity after the merger. Thus, Plaintiff's Motion in Limine is granted as it relates to evidence or testimony which suggests that the Pepsi-Cola Bottling Company of Asheville or the Pepsi-Cola Bottling Company of Spruce Pine were separate entities at any point after their merger into the Pepsi-Cola Bottling Company of Hickory.

Plaintiff seeks to exclude any evidence or testimony which suggests that the Asheville, Spruce Pine, and/or Hickory, North Carolina Pepsi Franchise territories were separate territories after September 25, 1973. Plaintiff also seeks exclusion of any evidence or testimony relevant to or reflecting product produced by the Pepsi-Cola Bottling Company of Hickory for its sale in its own Asheville franchise territory. Plaintiff argues that such evidence or testimony would be irrelevant, lacks evidentiary foundation, depends on misleading and unsupported inferences or conjecture, and would mislead the jury and prejudice Plaintiff. The court finds that Plaintiff's course of dealings with the Pepsi-Cola Bottling Companies of Asheville, Spruce Pines, and Hickory may be relevant to the issues in this case. Accordingly, Plaintiff's Motion in Limine is denied without prejudice as it relates to such evidence or testimony.

**Sequestration**

In its fourth request, Plaintiff seeks to exclude fact witnesses from the courtroom during trial, to prohibit such witnesses from discussing the case with other witnesses or attorneys, and to prohibit such witnesses from reviewing trial transcripts. Rule 615 of the Federal Rules of Evidence permits a party to request that the court order the exclusion of witnesses to prevent the witnesses from hearing the testimony of other witnesses. *See* Fed. R. Evid. 615. However, Rule 615 does not authorize the exclusion of "(a) a party who is a natural person; (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney; (c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or (4) a person authorized by statute to be present." Fed. R. Evid. 615. A party arguing that its witness's presence is essential to presenting the party's case and should not be excluded bears the burden of proving that its witness's presence is essential. *Opus 3 Ltd. v. Heritage Park, Inc.*, 91 F.3d 625, 628 (4th Cir. 1996). "Because of its important role in reaching the truth, Rule 615 carries a presumption of favoring sequestration." *Id.* Rule 615 does not mandate the exclusion of expert witnesses who will testify only to their expert opinion; however, the court has discretion to exclude an expert witness who will also testify as a key fact witness. *See id.* at 629.

Defendant has represented to the court that Paul Finney ("Finney") will be designated as its representative during the first two days of trial, after which Keith Reimer ("Reimer") will replace Finney as Defendant's representative. To the extent that Plaintiff seeks to sequester Finney and Reimer during the period in which each is designated as Defendant's representative, Plaintiff's Motion in Limine is denied.

Defendant argues that its fact witnesses Anne Ervin ("Ervin"), Hayden Quattlebaum ("Quattlebaum"), Elliot Cabaniss ("Cabaniss"), and Derek Hill ("Hill") are essential fact witnesses and should not be subject to sequestration. Defendant also argues that Bucherati, although listed as

both a fact witness and an expert witness, should not be subject to sequestration. Plaintiff concedes to Bucherati's presence in the courtroom during the testimony of other expert witnesses; however, Plaintiff seeks Bucherati's sequestration during the testimony of fact witnesses. Both parties have engaged in and have access to extensive discovery including the deposition of witnesses and the reports of each party's proposed experts. Defendant has failed to establish that Ervin, Quattlebaum, Cabaniss, Hill, and Bucherati's presence in the courtroom during the testimony of other witnesses is essential to Defendant's ability to present it claims or defenses. The court finds that Defendant has failed to overcome the presumption in favor of sequestration with regard to Ervin, Quattlebuam, Cabaniss, Hill, and Bucherati. Thus, to the extent that Plaintiff seeks to sequester fact witnesses from the courtroom during trial, to prohibit such witnesses from discussing the case with other witnesses or attorneys, and to prohibit such witnesses from reviewing trial transcripts, Plaintiff's Motion in Limine is granted, with the exception that Bucherati may be present during the testimony of other expert witnesses.

## CONCLUSION

For the foregoing reasons, Plaintiff Carolina Canners, Inc.'s Motion in Limine [Doc. 187] is **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED.**

*J. Michelle Childs*

_____
United States District Judge

Greenville, South Carolina
June 19, 2012.