IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Carolina Canners, Inc., | )<br>) Civil Action No. 4:10-cv-00598-JMC |
| Plaintiff, | )<br>) |
| v. | ) **ORDER**<br>)<br>) |
| PBV Conway-Myrtle Beach, LLC, | )<br>) |
| Defendant. | )<br>) |

Before the court is Defendant PBV Conway-Myrtle Beach LLC's ("Defendant") Omnibus Motion in Limine [Doc. 184] encompassing eighteen individual motions in limine.

**Defendant's First Motion in Limine**

Defendant moves to exclude opinion testimony from witnesses Walter Egan ("Egan"), Plaintiff's Vice President of Manufacturing, and David Smith ("Smith"), Plaintiff's accountant. Defendant argues Smith and Egan should not be allowed to offer expert testimony because, although timely disclosed as fact witnesses, they were not timely disclosed as expert witnesses. Plaintiff states Egan and Smith are lay witnesses and will only offer fact testimony based on personal knowledge which may rebut Defendant's expert opinions.

A lay witness may provide testimony in the form of an opinion if the opinion testimony is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and © not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. Rule 701. To the extent that Egan and Smith will provide opinion testimony that falls outside of that which is appropriate for a lay witness, Defendant's First Motion in Limine is granted.

**Defendant's Second Motion in Limine**

1

Defendant moves to exclude testimony by David Rhine ("Rhine") as he was not disclosed as a witness until April 25, 2012, which was over a year after discovery closed, and he has not been deposed. Appellate courts have routinely held the exclusion of witnesses and evidentiary exhibits based on a party's failure to comply with discovery deadlines is within the discretion of a district court. *See, e.g.*, *Adalman v. Baker, Watts & Co.,* 807 F.2d 359, 369 (4th Cir.1986); *Lirette v. Popich Bros. Water Transp. Inc.*, 660 F.2d 142, 145 (5th Cir.1981). Rhine was not disclosed as a witness until after general discovery closed on April 15, 2011. Accordingly, Defendant's Second Motion in Limine is granted.

**Defendant's Third Motion in Limine**

Defendant moves to exclude testimony of Plaintiff's witnesses regarding other parties' alleged intentions or understanding with respect to the Sales Agreement on the grounds that such testimony would be inadmissible hearsay under the Federal Rules of Evidence Rules 801 and 802 and not based on personal knowledge as required by Rule 602. Defendant's Third Motion in Limine is granted to the extent that Plaintiff plans to offer testimony that qualifies as hearsay under the Federal Rules of Evidence. However, Plaintiff may offer testimony that qualifies as non-hearsay or an exception to hearsay, such as statements that are not offered for the truth of the matters asserted and that stem from the witness's own personal knowledge.

**Defendant's Fourth Motion in Limine**

Defendant moves to exclude subjective, after-the-fact testimony of Plaintiff's witnesses regarding the purpose or meaning of the Sales Agreement. Defendant argues that the testimony would be subjective and irrelevant under Rules 401 and 402 because the testimony is not supported by objective evidence that the witnesses possessed such an understanding at the time their contracts were formed in 1998 and 1999. "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in

determining the action." Fed. R. Evid. 401. Evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court provide otherwise. Fed. R. Evid. 402.

Plaintiff argues that the sixth defense asserted in Defendant's Amended Answer [Doc. 79] alleges ambiguity in the Sales Agreement, and parol evidence should be allowed to ascertain the true meaning and intent of an ambiguous contract. *See, Penton v. J.F. Cleckley & Co.,* 326 S.C. 275, 280, 486 S.E.2d 742, 745 (1997). This court denies Defendant's Fourth Motion in Limine without prejudice and finds that those who wrote or approved the Sales Agreement may testify as to their understanding of the Sales Agreement at the time it was written or approved.

## Defendant's Fifth Motion in Limine

Defendant moves to exclude testimony by Frank Cobia ("Cobia") regarding the intent or meaning of the terms of the Sales Agreement. Defendant argues that Cobia is a fact witness and has no personal knowledge of the liquidated damages clause in the Sales Agreement, the difficulties encountered in calculating actual damages when the Sales Agreement was drafted in 1998, or any other relevant matters. Plaintiff asserts that Cobia will not testify as to the intention of the parties at the time the Sales Agreement was approved, but will testify as to his personal knowledge of the parties' course of dealing and course of performance that explains or supplements the Sales Agreement. Cobia has been Plaintiff's Chief Financial Officer since 2006. The court finds that Cobia may have personal knowledge of the difficulty of calculating Plaintiff's actual damages and of the parties' course of dealing and course of performance. Accordingly, Defendant's Fifth Motion in Limine is denied without prejudice to the extent that it seeks to exclude relevant testimony about which Cobia has personal knowledge.

## Defendant's Sixth Motion in Limine

3

Defendant moves to exclude Brantley Burnett's ("Burnett") testimony and memorandum, and any other evidence about Helene Blackwell's ("Blackwell") statements. Defendant argues that such evidence of statements by Blackwell are barred by the "Dead Man's Statute," section 19-11-20 of the South Carolina Code of Laws, and are inadmissible hearsay because Blackwell died in 2000, two years before PCMB executed the Sales Agreement. South Carolina's Dead Man's Statute prohibits any person with an interest in the outcome of an action from testifying concerning conversations or transactions with a person that is deceased at the time of the testimony if the testifying witness is giving testimony against a party that is an assignee of the deceased person and the testimony could affect his or her interest. S.C. Code Ann. § 19-11-20. "[T]his statute is an exception to the general rule of witness competency, [and thus] requires a restrictive reading on which the party requesting its muzzling effect bears the burden." *Hanahan v. Simpson*, 326 S.C. 140, 152, 485 S.E.2d 903, 909 (1997).

Plaintiff argues that Burnett's testimony regarding Blackwell's statements should not be excluded because Defendant is not an executor, administrator, heir-at-law, next of kin, assignee, legatee, devisee, or survivor of Blackwell as required by the statute. *Long v. Conroy*, 246 S.C. 225, 232-33, 143 S.E.2d 459, 462-63 (1965) (citing *Norris v. Clinkscales,* 47 S.C. 488, 25 S.E. 797 (1896)) ("[A witness] is disqualified only if the testimony of the witness is . . . against a party prosecuting or defending the action as executor, administrator, heir-at-law, next of kin, assignee, legatee, devisee, or survivor of such deceased person, or as assignee or committee of such insane person or lunatic . . . .").

Defendant has represented to the court that the sales transaction in which Pepsi Bottling Ventures, LLC ("PBV") purchased the assets of PCMB closed on or about December 3, 2009, and at the closing, PBV assigned its interests to Defendant. The assets that PCMB transferred to PBV, and that were assigned to Defendant at closing, included the Sales Agreement. The court finds that

Defendant is not an assignee of Blackwell, but that Defendant is an assignee of PBV, and Blackwell, as a representative of PCMB, was merely one of Defendant's predecessors in ownership of the assets of PCMB. *See Taylor v. Cox*, 218 S.C. 488, 496, 63 S.E.2d 470, 473-74 (1951). Accordingly, Defendant's Sixth Motion in Limine is denied.

**Defendant's Seventh Motion in Limine**

Defendant moves to prohibit Plaintiff from using its mission statement to contradict or explain the Sales Agreement. Defendant argues that Plaintiff's mission statement is inadmissible parol evidence. "The parol evidence rule prevents the introduction of extrinsic evidence of agreements or understandings contemporaneous with or prior to execution of a written instrument when the extrinsic evidence is to be used to contradict, vary, or explain the written instrument." *Davis v. KB Home of S. Carolina, Inc.*, 394 S.C. 116, 127, 713 S.E.2d 799, 805 (Ct. App. 2011) (quoting *Gilliland v. Elmwood Props.*, 301 S.C. 295, 302, 391 S.E.2d 577, 581 (1990)).

Plaintiff argues that the mission statement is relevant and admissible under section 36-2-202 of the South Carolina Code of Laws as evidence of consistent additional terms and reflective of the parties' course of dealing and course of performance. Section 3 of the Sales Agreement provides that "[Plaintiff's] selling price will be computed by [Plaintiff] based upon its most efficient and cost-effective manner to recover costs of goods sold plus after tax profit to service debt, meet bank restrictions, and profit objectives of the Board of Directors, said profit not to exceed five cents per case." [Doc. 107-2]. Defendant argues that this provision of the Sales Agreement requires Plaintiff to increase its prices to account for Defendant's alleged breach of the Sales Agreement. Section 3 states that Plaintiff will base prices upon the "most efficient and cost-effective manner to recover costs." The plain language of the Sales Agreement does not appear to require Plaintiff to raise its prices in order to cover the costs of Defendant's alleged breach where such raising of prices would not be the most efficient and cost-effective manner to recover costs. Accordingly, to the extent that

5

Plaintiff intends to submit its mission statement as evidence of consistent additional terms or of the parties' course of dealing and performance, Defendant's Seventh Motion in Limine is denied without prejudice.

**Defendant's Eighth Motion in Limine**

During a hearing before the court on June 18, 2012, Defendant withdrew its Eighth Motion in Limine. Accordingly, Defendant's Eighth Motion in Limine is denied without prejudice.

**Defendant's Ninth Motion in Limine**

Defendant moves to exclude questions and arguments suggesting that the Sales Agreement is a "typical" requirements contract. Defendant argues that there is no evidence that the Sales Agreement is typical or reflects any commonly accepted terms or conditions. Plaintiff argues that it intends to present evidence supporting the assertion that the Sales Agreement is similar to those used by comparable organizations in the industry. To the extent that Plaintiff is able to do so, Defendant's Ninth Motion in Limine is denied without prejudice.

**Defendant's Tenth Motion in Limine**

Defendant moves to exclude questions, arguments, and evidence regarding Defendant's financial reserves. Defendant argues that questions, arguments, and evidence regarding its financial reserves are irrelevant to the issue of liability and would be unfairly prejudicial. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Plaintiff argues that it does not possess and does not intend to present evidence that Defendant ever established a financial reserve, but rather intends to present evidence that Defendant factored the cost of breaching the Sales Agreement into the price it was willing to pay for the purchase of PCMB's assets. The court finds that such evidence would be only marginally relevant

to the determination of Defendant's liability and would be unduly prejudicial to Defendant. Accordingly, Defendant's Tenth Motion in Limine is granted.

**Defendant's Eleventh Motion in Limine**

Defendant moves to exclude questions and arguments suggesting Defendant's estimated savings support the reasonableness of the Sale's Agreement's liquidated damages provision. Defendant argues that there is no evidence to support Plaintiff's suggestion that the amount of savings that Defendant expected to realize from purchasing PCMB has any connection to the $0.50 per case liquidated damages amount or the amount of any actual damages. Plaintiff argues Defendant's manager and sole member determined that if it took production away from Plaintiff and moved it to Defendant's affiliate's manufacturing facilities, Defendant's costs of goods sold would be reduced by $0.51 per case, which proves that $0.50 per case liquidated damages is reasonable. The court finds that evidence or argument that the savings that Defendant expected to realize from taking production away from Plaintiff was reflective of the amount of Plaintiff's alleged damages or related to the reasonableness of the liquidated damages amount would be relevant to issues present in this case and would not be unduly prejudicial to Defendant. Accordingly, Defendant's Eleventh Motion in Limine is denied without prejudice.

**Defendant's Twelfth Motion in Limine**

Defendant moves to exclude questions and arguments suggesting that PCMB admitted it had no defense to the Sales Agreement. Defendant argues that any statement that PCMB made regarding its lack of defenses to the Sales Agreement would not apply to defenses that PCMB or Defendant became aware of after PCMB made such statements. Defendant further argues that any statements would apply to PCMB's defenses to the Sales Agreement, not Defendant's defenses. The court finds that such statements may be relevant to the issues present in this case. Accordingly, Defendant's Twelfth Motion in Limine is denied without prejudice.

**Defendant's Thirteenth Motion in Limine**

Defendant moves to exclude Plaintiff's Trial Exhibit 27, the Bottler Funding PowerPoint. Defendant argues that the Bottler Funding PowerPoint is unauthenticated, hearsay, and irrelevant. Defendant argues that it would be unduly prejudicial to Defendant for Plaintiff to rely on this document in support of its damages claim. Plaintiff argues that this document can be authenticated at trial and is relevant because it supports Plaintiff's argument that costs per case rise if volume decreases. At this time, the court does not have sufficient information to determine whether this exhibit is hearsay and whether Plaintiff can appropriately authenticate it at trial. Accordingly, Defendant's Thirteenth Motion in Limine is denied without prejudice.

**Defendant's Fourteenth Motion in Limine**

Defendant moves to preclude Plaintiff's counsel from argument or questioning insinuating that Keith Reimer ("Reimer") stated that PBV was not worried about the Sales Agreement and that damages under the Sales Agreement would be limited to $0.50 per case. Defendant argues that such argument or questioning would be prejudicial and without evidentiary merit, as Reimer denied such statements in his deposition. Plaintiff asserts that it intends to present evidence that will be sufficient to lay a proper foundation for such argument and questioning. To the extent that Plaintiff is able to provide evidentiary support sufficient to provide a proper foundation for such questioning, Defendant's Fourteenth Motion in Limine is denied without prejudice.

**Defendant's Fifteenth Motion in Limine**

Defendant moves to exclude evidence or argument suggesting that PBV or Defendant have attempted to destroy Plaintiff. Defendant argues that such argument would be misleading and unduly prejudicial to Defendant. In addition, Defendant argues an April 26, 2010, email from Reimer to Burnett should be excluded because it has no relevance and only shows PBV's interest in acquiring additional franchises. Plaintiff argues that evidence and allegations of PBV and

PepsiCo.'s predatory behavior is necessary to explain that the real reason that PCMB executed the Sales Agreement was to protect itself and Plaintiff, not because of any alleged misrepresentations on the part of Plaintiff. Plaintiff also argues that such evidence is relevant to the analysis of Defendant's alleged good faith defense. The court finds that such evidence may be relevant to the issues present in this case and would not be unduly prejudicial to Defendant. Accordingly, Defendant's Fifteenth Motion in Limine is denied without prejudice.

### Defendant's Sixteeth Motion in Limine

Defendant moves to exclude evidence regarding the amounts paid by PBV in acquisition of PCMB's assets. Defendant argues that such evidence would be irrelevant and unduly prejudicial to Defendant. Defendant argues that such evidence would not be relevant to the issue of any alleged bias on the part of PCMB shareholders because the transaction closed before Plaintiff filed this lawsuit. Plaintiff has failed to persuade the court of the relevance of such evidence, and the court finds that the admission of such evidence would be unduly prejudicial to Defendant. Accordingly, Defendant's Sixteenth Motion in Limine is granted.

### Defendant's Seventeeth Motion in Limine

Defendant moves to exclude arguments and evidence regarding Plaintiff's alleged actual damages that are unrecoverable as a matter of law. Defendant argues that four of Plaintiff's five alleged damages categories are related to variable costs incurred by Plaintiff in service to its other customers and are, at most, consequential damages and unrecoverable. Plaintiff argues that its damages calculations are based on fixed costs and do not include variable costs. The court held in its Order [Doc. 216] denying Defendant PBV Conway-Myrtle Beach, LLC's Motion for Partial Summary Judgment that a genuine issue of material fact exists as to whether the actual damages claimed by Plaintiff are fixed or variable.

Defendant asserts that Plaintiff intends to present a video showing aspects of its

manufacturing operation. Defendant argues that Plaintiff's video should be excluded because it is misleading, confusing, unduly prejudicial, and inadmissible hearsay. However, Defendant has withdrawn its Seventeenth Motion in Limine as it relates to Plaintiff's video.

Based on this court's holding that a genuine issue of material fact exists as to whether the actual damages claimed by Plaintiff are fixed or variable and Defendant's withdrawal of its Seventeenth Motion in Limine as it relates to Plaintiff's video, Defendant's Seventeenth Motion in Limine is denied without prejudice.

### Defendant's Eighteenth Motion in Limine

Defendant moves to exclude testimony by Burkett regarded the alleged cause of any of Plaintiff's alleged losses. Defendant argues that there is no basis for Burkett to testify on the issue of causation. The court addressed this issue in the court's Text Order [Doc. 203] denying Defendant's Motion in Limine to Exclude Reports and Testimony of Ronald H. Burkett [Doc. 176]. Accordingly, Defendant's motion is denied without prejudice.

### CONCLUSION

For the foregoing reasons, Defendant PBV Conway-Myrtle Beach LLC's Omnibus Motion in Limine [Doc. 184] is **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED.**

*J. Michelle Childs*

_____
United States District Judge

Greenville, South Carolina
June 21, 2012.

10